UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

August 5, 2021

LETTER TO COUNSEL

    RE:    *Dyron H. v. Kijakazi*[1]
            Civil No. DLB-20-871

Dear Counsel:

On April 1, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF 1. I have considered the parties' cross-motions for summary judgment. *See* Pl.'s Mem., ECF 10; Def.'s Mem., ECF 13. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed his DIB claim on June 1, 2016, Administrative Transcript ("Tr.") 212–14, and his SSI claim on July 18, 2016, Tr. 214–22. In his DIB application, plaintiff alleged an onset date of July 1, 2015.[2] The SSA denied his claims initially and on reconsideration. Tr. 67–68, 99–

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. *Office of the Commissioner*, SOC. SEC. ADMIN., www.ssa.gov/org/coss.htm (last visited July 21, 2021). Pursuant to the last sentence of 42 U.S.C. § 405(g), actions brought under that Section "survive notwithstanding any change in person occupying the office of the Commissioner of Social Security." Substitution of the successor as the party in interest is automatic. Fed. R. Civ. P. 25(d).
[2] The Administrative Law Judge ("ALJ") noted that plaintiff alleged an onset date of March 1, 2010, in his SSI application. Tr. 15. The ALJ wrote, "Given that [SSI] benefits are not payable prior to the month of filing an application and that the claimant work at substantial gainful activity levels since March 2010 until July 2015, the undersigned has considered the claimant's alleged onset date from his [DIB] application as being his actual alleged onset date." Tr. 15 n.1. Because the appropriate alleged onset date is immaterial to the resolution of plaintiff's claim in federal court, the Court does not address the appropriate onset date.

*Dyron H. v. Saul*
Civil No. DLB-20-871
August 5, 2021
Page 2

100. An Administrative Law Judge ("ALJ") held a hearing on January 25, 2019. Tr. 36–60. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12–29. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 36–60; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "obstructive sleep apnea ("OSA"), schizoaffective disorder, and anxiety disorder." Tr. 18. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he can never climb ladders, ropes, or scaffolds; he must avoid concentrated exposure to hazards, such as moving machinery and unprotected heights; and, he is able to understand, remember, and carry out simple tasks, without fast pace or strict production quotas; he is able to have only simple interactions with coworkers and supervisors and none with the general public; he is able to perform work in which multi-tasking is not required; and, he is able to perform work with simple changes in the routine.

Tr. 24. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could perform his past relevant work as a warehouse worker. Tr. 28. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 29.

On appeal, plaintiff argues the ALJ failed to perform a function-by-function assessment and failed to explain the RFC limitation to "fast pace or strict production quotas." Pl.'s Mem. 3–9. I agree that the ALJ failed to explain the pace limitation in plaintiff's RFC determination. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

In conducting substantial evidence review, courts look "to an existing administrative record and [ask] whether it contains 'sufficient evidence' to support the agency's factual *determinations*." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted) (emphasis added). Thus, agency conclusions, stated in terms cognizable to the Court, must necessarily precede substantial evidence review. In *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019), the Fourth Circuit held an ALJ's RFC assessment limiting the plaintiff to work not "requiring a production rate or demand pace" frustrated review because the Court lacked "enough information to understand what those terms mean[t]." Expressing no opinion as to whether the RFC findings were correct, the Court remanded for "a clearer window into" the ALJ's reasoning. *Id.* at n.5 ("Without further explanation, we simply cannot tell whether the RFC finding…properly accounts for [the plaintiff's] moderate limitations in concentration, persistence, or pace. On remand, the ALJ will need to establish for how long, and under what conditions, [the plaintiff] is able to focus…and stay on task at a sustained rate."). And, while in *Thomas* the ALJ's utilization of the ambiguous term was one among many reasons the Court remanded, the Fourth Circuit has subsequently remanded solely for an ALJ's failure to define similar ambiguous terms in the RFC

*Dyron H. v. Saul*
Civil No. DLB-20-871
August 5, 2021
Page 3

determination. *See, e.g.*, *Perry v. Berryhill*, 765 F. App'x 869, 873 (4th Cir. 2019) (remanding for an ALJ's failure to define "non-production work oriented setting").

Here, the ALJ found plaintiff moderately limited in concentration, persistence, or pace ("CPP"). Tr. 23. Subsequently, after a review of the evidence, the ALJ determined plaintiff's ability to maintain pace required some sort of accommodation, and he included a pace limitation in the RFC determination and the corresponding hypothetical to the VE. *See* Tr. 24, 57. The term the ALJ used, however, is directly analogous to those the Fourth Circuit held frustrated appellate review and required remand in *Thomas* and *Perry*. *See Thomas*, 916 F.3d at 312; *Perry*, 765 F. App'x at 873. Further, the Court's rationales for remand in *Perry* apply equally to the term the ALJ used here. *See* 765 F. App'x at 872. "Fast pace or strict production quotas" is not defined in the regulations, in the Dictionary of Occupational Titles, or in the ALJ's decision. Tr. 23; *see id.*; Tr. 11-25. Because this Court lacks enough information to understand what the ALJ intended when he limited plaintiff's RFC determination to work "without fast pace or strict production quotas," I am unable to find the ALJ's RFC determination and corresponding hypothetical are supported by substantial evidence. Accordingly, remand is necessary. *See Geneva W. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) ("[T]he term 'production pace or strict production quotas' is directly analogous to the term deemed problematic in *Thomas*, and the Court cannot ascertain how the inclusion of the word 'strict' would cure the problem identified by the Fourth Circuit.").

The Commissioner "respectfully asserts that any error is at most harmless where the ALJ had a fully developed RFC." Def.'s Mem. 8. The issue in this case, however, is not whether the remainder of the RFC was fully developed but whether the ALJ's RFC determination—in total—is supported by substantial evidence. Here, the ALJ found both that plaintiff provided sufficient evidence of his limitations in CPP to warrant a finding of moderate impairment in that functional area and that this impairment resulted in a diminished RFC. Whether the ALJ appropriately accounted for those limitations is material to whether plaintiff could engage in his past relevant work. And, because I cannot tell whether the ALJ adequately accounted for the limitation with the term "without fast pace or strict production quotas," I cannot determine whether the ALJ's findings are supported by substantial evidence. *See Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error.") (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011)).

The Commissioner argues any error is harmless because "the job of a warehouse worker is not a production job requiring a particular pace at all." Def.'s Mem. 10 (internal citation omitted). This argument is unpersuasive. Every job requires some sort of pace or else it requires nothing, or very little, of the employee. The entry in the Dictionary of Occupational Titles for "warehouse workers" indicates that workers in this position often operate in tandem to production workers. DOT 922.687-058, 1991 WL 688132 (Jan. 1, 2016) (describing the position as, *inter alia*, "[r]ead[ing] production schedule" and "[c]onvey[ing] materials and items from receiving or production areas to storage or to other designated areas"). The Court cannot say that a warehouse worker job does not require a fast pace, particularly in view of the job description that seems to

*Dyron H. v. Saul*
Civil No. DLB-20-871
August 5, 2021
Page 4

suggest these workers may be required to perform tasks within certain periods in accordance with the demands of the stocking, production, or sale of goods. Nor can the Court determine whether warehouse workers are required to work at a "fast" pace because fast is a relative term subject to varying interpretations. *See Ginger N. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-18-1830, 2019 WL 1903548, at *4 (D. Md. Apr. 29, 2019) ("Different individuals can have different conceptions of what work is or is not 'fast.'") (internal quotation marks omitted). Further, the Court cannot say that, had the ALJ elaborated on the RFC limitation, the VE would still have testified that an individual with plaintiff's RFC is capable of performing plaintiff's past relevant work. Additionally, the ALJ denied plaintiff's claims by relying only on the warehouse worker position as a past relevant job that plaintiff could perform given his RFC. Tr. 28, 57. The ALJ did not consider other jobs existing in the national economy. *See* Tr. 28–29. Thus, whether substantial evidence supported this finding is directly material to the outcome of plaintiff's claim. Accordingly, remand is necessary for a "clearer window" into the ALJ's reasoning. *Thomas*, 916 F.3d at 313.

The Commissioner also argues that "it is well-accepted that an ALJ properly utilizes testimony from a VE to resolve complex vocational issues when determining whether work exists that a claimant with a particular RFC and vocational profile can perform." Def.'s Mem. 9. However, the issue here is not whether the VE understood the limitation or evidenced confusion about what the ALJ meant. The issue is that the Court reviews decisions by the SSA for findings that are made in accordance with the relevant legal standards and supported by substantial evidence, that the ALJ's findings with respect to plaintiff's pace limitations are ambiguous, and that the Court cannot determine whether the ALJ's denial of benefits is supported by substantial evidence.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 10, is denied, and the Commissioner's motion for summary judgment, ECF 13, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                             Sincerely yours,

                                             /s/

                                           Deborah L. Boardman
                                           United States District Judge